## PEOPLE v. HARPER.

1. WEAPONS—EVIDENCE—CARRYING FIREARM WITH UNLAWFUL INTENT.

   Conviction of defendant for carrying a firearm with unlawful intent where defendant was arrested in a tavern and the weapon was found disassembled in the locked trunk of his codefendant's vehicle *held*, proper, where record contained testimony which, if believed, would constitute *going armed with a firearm or other dangerous weapon* and fall within the prohibition of the statute (CL 1948, § 750.226).

2. SAME—EVIDENCE—CARRYING DANGEROUS WEAPON IN AUTOMOBILE.

   Conviction of defendant for carrying a dangerous weapon in a motor vehicle where the weapon was a disassembled shotgun locked in the trunk of a vehicle *held*, proper, where it was a question of fact for the jury to determine, and there was testimony which, if believed, was sufficient to support a finding by the jury that this was a dangerous weapon (CL 1948, § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur, Weapons and Firearms §§ 10, 13.
   Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
[3–6] 20 Am Jur, Evidence § 396.
   53 Am Jur, Trial § 153.
[7] 5 Am Jur 2d, Appeal and Error § 894.

3. SEARCHES AND SEIZURES—LEGALITY OF SEARCH—MOTION TO SUP PRESS.

    The illegality of seizure of evidence, where such illegality is known before trial, must first be raised by a motion to suppress the evidence, timely made.

4. SAME—COLLATERAL MATTER—DISCRETION OF COURT.

    The legality or illegality of a search and seizure is a collateral matter and whether a court will turn aside from the trial of a criminal case to consider such a matter is within the discretion of the trial court.

5. CRIMINAL LAW—MOTION TO SUPPRESS DURING TRIAL—APPEAL AND ERROR.

    Denial of motion to suppress evidence, made during course of trial in prosecution for crime, will not be disturbed on appeal, unless it is clearly shown there has been an abuse of discretion.

6. SAME—SUPPRESSION OF EVIDENCE—ABUSE OF DISCRETION.

    Admission of evidence by trial court alleged to be illegally seized *held*, not an abuse of discretion, where a preliminary examination had been conducted at which time detailed testimony was presented which described the officers' search and seizure, and no motion to suppress was made prior to trial.

7. SAME—APPEAL AND ERROR—INSTRUCTIONS.

    Contention of defendant in prosecution for carrying a dangerous weapon that the trial court erred in its jury instructions *held*, not well taken, where a review of the record indicates that the charge in its entirety was adequate and proper (CL 1948, §§ 750.226, 750.227).

Appeal from Recorder's Court; Schemanske (Frank G.), J. Submitted Division 1 December 9, 1965, at Detroit. (Docket No. 330.) Decided May 24, 1966.

David Harper was convicted of carrying a dangerous weapon and carrying a dangerous weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen.*

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Sidney Fershtman,* for defendant.

J. H. GILLIS, J. The defendant David Harper was arraigned on an information in the recorder's court for the city of Detroit alleging in the first count that, on the 7th day of February, 1964, he went armed with a dangerous weapon; to wit, a double-barreled, sawed-off shotgun with intent to use the same unlawfully against the person of another in violation of CL 1948, § 750.226 (Stat Ann 1962 Rev § 28.423), and in the second count with carrying a dangerous weapon in a certain motor vehicle occupied by the defendant, contrary to CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

Trial commenced before a jury on March 26, 1964, and on March 31, 1964, the jury returned a verdict of guilty on both counts. On April 15, 1964, the defendant was sentenced to the State prison for concurrent terms of not less than two nor more than five years on both counts.

Defendant contends that there was no competent evidence to support a finding of guilty on either count in the information; that the shotgun was obtained by reason of an illegal search and seizure and was therefore inadmissible as evidence; and that the instructions given by the court to the jury were erroneous and prejudicial.

At trial the defendant's accomplice, William Leadbetter, testified that the defendant told him that he knew of a bar where they could pick up from $10,000 to $12,000 in a holdup. They agreed to meet the following morning at 6 o'clock. The next morning the defendant got into Leadbetter's car carrying

a brown paper bag, which the defendant stated contained a shotgun. Leadbetter, at the defendant's request, opened the trunk and the defendant put the bag in the trunk. The defendant requested and received the car trunk key explaining that if they were stopped by the police, the trunk couldn't be opened. Leadbetter parked about a block from the bar in question and in accordance with their plans went into the bar alone to survey it, leaving the defendant in the car. Shortly thereafter the defendant came in and sat at the opposite end of the bar. Within 3 to 5 minutes the police arrived, questioned both men, and took them into custody. The bartender testified that he became suspicious of the men and he asked a driver making a beer delivery to call the police. One of the arresting officers testified that he and his partner searched both men, found a 1956 Pontiac automobile registration on Leadbetter, located the car in the area and discovered a set of keys and a shotgun shell underneath the dashboard. The officers opened the trunk and found the brown paper bag containing a disassembled, sawed-off shotgun.

Defendant contends, first, that he cannot be convicted on the charge contained in count 1 because: (1) He had no firearm or other dangerous weapon on his person or within his immediate possession, (2) He was not armed with any such article, and (3) There is no competent evidence of any attempt to use such proscribed article unlawfully against the person of another. With this contention we cannot agree. If the jury believed the testimony of Leadbetter, this would constitute going armed with a firearm or other dangerous weapon and fall within the prohibition of the statute cited in count 1.

Defendant next contends that there was no competent evidence to support a conviction under count 2 of the information. Defendant contends that as

a matter of law the court should have decided that a disassembled shotgun, locked in the trunk of a vehicle, is not a dangerous weapon. This was a question of fact for the jury to determine from the testimony of all the witnesses. This testimony, if believed, was sufficient to support a finding by the jury that this was a dangerous weapon.

Defendant next contends that the shotgun was inadmissible as evidence because it had been obtained as a result of an illegal search and seizure in that the officers had not obtained a search warrant; that consent had not been given to search the motor vehicle; and that the arrest of defendant Harper and Leadbetter was on mere suspicion.

The people contend that in the absence of a timely motion to suppress evidence made prior to trial, the court did not abuse its discretion in allowing admission of such evidence. In *People* v. *Ferguson* (1965), 376 Mich 90, the Supreme Court quoted with approval (p 93) from *People* v. *Heibel* (1943), 305 Mich 710, to the effect that (pp 712, 713):

"The rule is well established that the illegality of seizure of evidence, where such illegality is known before trial, must first be raised by a motion to suppress the evidence, timely made. The legality or illegality of the search and seizure is a collateral matter and the court will not turn aside from the trial of a case to consider such a collateral matter."

Although the trial court has discretion to permit a defendant to move to suppress evidence during trial, the denial of such motion will not be reversed by this Court unless an abuse of discretion is clearly shown. A preliminary examination was conducted at which time detailed testimony was presented which described the officers' search and seizure. On this record we cannot say that the trial court abused its discretion.

Defendant's final contention is that the trial court erred in its jury instructions, but a review of the record indicates that the charge taken in its entirety was adequate and proper.

Affirmed.

WATTS, P. J., and BURNS, J., concurred.