PEOPLE v. BROWN

1. WEAPONS—CRIMINAL LAW—EVIDENCE—CARRYING A FIREARM WITH
   UNLAWFUL INTENT—SUFFICIENCY.
   Police officers' testimony that they heard a shot and shortly
   afterwards observed the defendant with a partially loaded
   pistol in his hand standing near two men who were fighting,
   and one of the combatant's testimony that his opponent had
   told defendant to shoot him, was sufficient for the court,
   sitting without a jury, to infer criminal intent and properly
   find defendant guilty of carrying a firearm with unlawful
   intent (CL 1948, § 750.226).

2. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVI-
   DENCE.
   The trial court is the trier of facts in nonjury cases and the
   Court of Appeals will not reverse him unless the evidence
   clearly preponderates in a direction opposite to his finding
   of fact.

Appeal from Recorder's Court of Detroit, Samuel
H. Olsen, J. Submitted Division 1 December 2, 1969,
at Detroit. (Docket No. 4,251.) Decided December
8, 1969.

Edward L. Brown was convicted of carrying a
firearm with unlawful intent. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Weapons & Firearms § 9 *et seq.*
[2] 5 Am Jur 2d, Appeal & Error § 839 *et seq.*

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Stuart Hubbell,* for defendant on appeal.

Before: R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

Per Curiam. Defendant appeals from his conviction of carrying a firearm or dangerous weapon with unlawful intent. CL 1948, § 750.226 (Stat Ann 1962 Rev § 28.423). His sole contention is that there was not sufficient evidence to convict him of the crime charged.

At trial two Detroit policemen testified that they heard a shot and ran in the direction of the report. They observed two men, Powers and Payne, fighting near a bar called the Purple Onion. Defendant was seen standing nearby the combatants with a partially loaded automatic pistol in his hand. A witness, Mr. Payne, one of the participants in the fight, stated that he heard Mr. Powers, the man with whom he was fighting, yell to someone nearby to shoot him (Payne).

Based on the facts contained in the record, it was permissible to infer criminal intent. *People* v. *Griffin* (1889), 77 Mich 585; *People* v. *Gollman* (1966), 3 Mich App 463; and *People* v. *Dugger* (1968), 14 Mich App 270. Furthermore, in cases tried without a jury the trial judge is the trier of the facts, and this Court will not reverse him unless evidence clearly preponderates in a direction opposite to his finding of fact. See *People* v. *Doris White* (1965), 2 Mich App 104; and 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 630, p 815.

Affirmed.