PEOPLE v FLINNON

PEOPLE v WASHINGTON

1. Criminal Law—Appeal and Error—Evidence—Insufficient
   Evidence—Light Most Favorable to Prosecution.

   An appellate court, when reviewing a defendant's claim that
   there was insufficient evidence to support a verdict of guilty of
   an offense charged, must view the evidence in the light most
   favorable to the prosecution and the verdict must be affirmed
   unless there is a total want of evidence on an essential element
   of the offense.

2. Criminal Law—Weapons—Unlawful Intent—Proof of Intent.

   A charge of carrying a weapon with intent to use it unlawfully
   against the person of another presents the question of whether
   the defendant in fact *did* have an unlawful intent and it is not
   a question of whether the defendant *might* have carried the
   weapon with the unlawful intent; conviction of this offense
   must rest on proof of the intent with which the weapons were
   carried, not mere possibilities; the fact that loaded weapons
   were present in the passenger compartment of a vehicle does
   not prove the intent with which they were carried.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 21 Am Jur 2d, Criminal Law § 82.
[3] 5 Am Jur 2d, Appeal and Error § 727.
[4] 5 Am Jur 2d, Appeal and Error §§ 797, 798.
[5] 5 Am Jur 2d, Appeal and Error § 891.
   75 Am Jur 2d, Trial § 906.
[6] 21 Am Jur 2d, Criminal Law § 449.
[7] 29 Am Jur 2d, Evidence § 367 *et seq.*
[8] 75 Am Jur 2d, Trial §§ 876, 878, 879, 881.
   Effect of failure or refusal of court, in robbery prosecution, to
      instruct on assault and battery. 58 ALR2d 808.
[9] 75 Am Jur 2d, Trial § 32.
[10] 21 Am Jur 2d, Criminal Law §§ 533, 569–572.
[11] 21 Am Jur 2d, Criminal Law §§ 533, 546.
[12] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

3. CRIMINAL LAW—JURIES—LEGALLY INSUFFICIENT THEORY—APPEAL AND ERROR.

A conviction on a criminal charge must be reversed where the jury is presented with two theories for conviction, one of which is legally insufficient to support the conviction.

4. CRIMINAL LAW—EVIDENCE—ADMISSION OF EVIDENCE—RIFLES—APPEAL AND ERROR.

The admission of two rifles into evidence, where the prosecution failed to prove the charges to which the admission was related and where the rifles had no bearing on the other charges against the defendants, even if erroneous, was harmless error where, given the nature and quality of the other evidence, the admission of the rifles did not aid the jury in convicting the defendants of the other charges.

5. CRIMINAL LAW—DISMISSAL OF CHARGES—EXPLANATION FOR DISMISSAL—INSTRUCTIONS TO JURY.

The failure of the trial court to communicate to the jury the fact of dismissal of a charge of attempted murder or to explain why the charge was dismissed was not error where defense counsel raised no objection at trial to the manner in which the prosecutor informed the jury, in closing argument, that the charge had been dismissed and appellate counsel cites no authority for the proposition that the trial court must instruct *why* a particular count has been dismissed.

6. CRIMINAL LAW—PRELIMINARY EXAMINATION—CONTINUANCES.

The failure of a district court to grant a continuance of the preliminary examination to allow defendants to retain counsel and the refusal of the circuit court to remand for a new preliminary examination after counsel had in fact been retained was harmless error where (1) the district court's decision to bind over was clearly supported by the evidence, (2) the defendants have neither alleged nor shown that retained counsel would have gained more discovery or evidence for later impeachment at trial through cross-examination at the preliminary examination, (3) the defendant has not alleged trial use of testimony from an examination witness who was unavailable at the time of trial, or the failure to preserve favorable testimony, and (4) the timely appointment of able trial counsel prevented the neglect or loss of any of the pretrial motions available to the defendant.

7. CRIMINAL LAW—EVIDENCE—IDENTIFICATION PROCEDURE—INTERRACIAL IDENTIFICATION.

Evidence of a witness's prior contact with another race is prop-

erly admitted to show the reliability of an in-court identification where there is an interracial identification situation.

8. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—ASSAULT.

A trial judge's refusal to instruct the jury on the offense of reckless discharge of a firearm as a cognate lesser included offense of assault with intent to commit murder does not entitle defendants to relief where the defendants were convicted of the charged offense even though instructions were given on the lesser included offenses of assault with intent to do great bodily harm less than murder, felonious assault, and simple assault, thereby giving the jury the option of finding the defendant guilty of an offense lesser than the charged offense but the verdict was guilty of the charged offense, indicating that the jury had no reasonable doubt as to the defendants' guilt of the charged offense.

9. CRIMINAL LAW—JURY—NEWSPAPER ARTICLE—PREJUDICE—NEW TRIAL—MISTRIALS.

The controlling consideration where jurors have been exposed to a newspaper article concerning the trial in which they are involved or other acts of the defendant is whether there has been prejudice to the defendant; if there has been no prejudice, the defendant is not entitled to a new trial or a mistrial.

10. CRIMINAL LAW—SENTENCES.

Sentences must be vacated where the defendants were not convicted of the offense for which the sentences were imposed.

11. CRIMINAL LAW—SENTENCING—SENTENCE ON DISMISSED CHARGE—REMAND—RESENTENCING.

The sentencing procedure is an important step in the criminal process and must be based on accurate information; therefore, where defendants were convicted of several crimes and were sentenced for those crimes and for an additional offense for which the charges had been dismissed there should be a remand for resentencing.

12. CRIMINAL LAW—SENTENCES—INCREASED SENTENCE—REFUSAL TO ACKNOWLEDGE GUILT.

A sentencing court may not increase a defendant's sentence because he has refused to acknowledge his guilt.

Appeal from Bay, Leon R. Dardas, J. Submitted

June 6, 1977, at Lansing. (Docket Nos. 27278, 27282.) Decided September 20, 1977.

Arthur Flinnon and Jerry D. Washington were convicted of armed robbery, assault with intent to commit murder, and carrying firearms with intent to use them unlawfully against the person of another. Defendants appeal. Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

T. M. BURNS, J. Defendants raise 11 issues in their[1] appeal by right from jury trial convictions for armed robbery, MCLA 750.529; MSA 28.797, assault with intent to commit murder, MCLA 750.83; MSA 28.278, and carrying firearms with intent to use them unlawfully against the person of another, MCLA 750.226; MSA 28.423.

These charges, and two others dismissed before submission to the jury, arose out of the robbery and shooting of Jack Schweim at a gas station in Bay City on October 11, 1974. On the pretext of obtaining the key to the rest room, the defendants ascertained that Schweim was working alone in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The defendants on appeal were jointly tried with Oscar Flinnon. Oscar Flinnon died before sentencing. All three defendants were represented by the same retained counsel at trial.

the station. Shortly after obtaining the key they returned and announced a hold-up.

Schweim was forced to open the cash register and place the money in a moneybag. Defendants also relieved Schweim of his wallet, his pay envelope, and several other items. He was then led to the rest room and shot twice in the head. Amazingly, neither of these shots proved fatal. Schweim regained consciousness and notified the police. He was able to describe his assailants and their car, including a possible license number.

Defendants were stopped a short time later on I-675[2] in Saginaw County. The search of the vehicle led to the recovery of the cash and other items taken during the robbery. The police also seized a pistol similar to that used in the robbery from the front of the car and two .22-caliber rifles, both loaded, from the convertible top boot behind the rear seat.

I

Defendants claim there was insufficient evidence to support the verdict of guilty on the charge of carrying a weapon with intent to use it unlawfully against the person of another, MCLA 750.226; MSA 28.423. In reviewing the claim, the evidence must be taken in the light most favorable to the prosecution and the jury's verdict affirmed unless there is a total want of evidence on an essential element of the offense. *People v Palmer,* 392 Mich 370, 376–377; 220 NW2d 393 (1974).

The prosecutor relies upon the fact that the robbery was carefully planned; the fact that there were three defendants and three weapons; the fact

---

[2] The gas station where the robbery occurred is located at I-75 and M-84 in Bay City, approximately 8 to 10 miles from where the defendants were stopped.

that all three weapons were loaded; that the weapons were accessible to the passengers in the car; and, the hesitation of one of the defendants in exiting the car when stopped by the police, to sustain the conviction.

There is insufficient evidence of the intent with which the rifles were carried. There is no evidence that the rifles were present during the robbery. That they were may be inferred from their presence at arrest, but any further inferences—such as the rifles being loaded or the intent with which they were carried—is unwarranted. It is not a question of whether defendants *might* have carried the rifles with the unlawful intent, but whether they in fact *did* have an unlawful intent. *Cf. People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). The argument that the rifles might have been used during the robbery or that the hesitation of one of the defendants upon exiting the vehicle shows the intent is mere speculation. Conviction under this statute must rest on proof of the intent with which the weapons were carried, not mere possibilities. The fact that loaded weapons were present in the passenger compartment of the vehicle does not prove the intent with which they were carried.

The difficulty of proving a violation of this section has been recognized by the Supreme Court in *People v Smith,* 393 Mich 432, 437; 225 NW2d 165 (1975). The task is not impossible, however. In *People v Harper,* 3 Mich App 316; 142 NW2d 496 (1966), the Court upheld a conviction when a participant testified that defendant had stated his intent to use a sawed-off shotgun found in a car to rob a bar. In *People v Brown,* 20 Mich App 521; 174 NW2d 291 (1969), the Court upheld the conviction where defendant was arrested with a pistol in

his hand, the police had heard the report of a weapon and one of the participants of the scuffle which the defendant was watching requested someone to shoot the other participant. In *People v James Watkins,* 60 Mich App 565; 231 NW2d 434 (1975), the panel affirmed where defendant fired several shots into a house after being refused admittance.

The proof in this case, at least concerning the rifles, falls far short of that in the above cases. The charge could be sustained if only the pistol were involved. But, where the jury is presented with two theories, one of which is legally insufficient to support a conviction, the conviction must be reversed. *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974), *leave denied,* 394 Mich 772 (1975).

## II

Defendants next contend that the convictions under the other counts must be reversed because the rifles and testimony concerning the rifles was admitted into evidence. Defendants argue that this tended to show they had a violent character and allowed the jury to speculate about other uncharged crimes. The prosecutor argues that the evidence was properly admitted and even if the admission was improper the error was harmless.

We agree that the rifles and testimony concerning the rifles had no bearing on the other charges. However, even if the admission of this evidence was considered erroneous because the prosecutor failed to prove the charge to which it related, the admission into evidence was harmless. Given the nature and quality of the other evidence, we conclude beyond a reasonable doubt that this evidence

did not aid the jury in convicting defendants of armed robbery and assault with intent to murder.

## III

Before the case was submitted to the jury the prosecutor nolle-prossed a count for attempted murder. Defendants argue that the court erred in not communicating the fact of dismissal to the jury or in not explaining why the charge was dismissed.[3]

During closing argument, the prosecutor informed the jury that the attempted murder count had been dismissed. The court also informed the jury that one count had been dismissed and that they would be instructed "on the counts on which you are to deliberate".

Defense counsel at trial raised no objection to the manner in which the dismissal was communicated to the jury. GCR 1963, 516.2. Defense counsel cites no authority for the proposition that the trial court must instruct *why* a particular count has been dismissed, and the failure to instruct in this case was not error.

## IV

Defendants contend that reversal is required because the district court denied a continuance of the preliminary exam to allow defendants to retain counsel[4] and the circuit court refused to re-

---

[3] Defendants argue the attempted murder count was dismissed because there was not sufficient evidence to support it. Without informing the jury of this fact, defendants believed the jury would conclude that defendants were "given a break".

[4] Only one defendant made a clear request for adjournment at the preliminary exam. The circuit court found in its opinion on the motion to remand for further examination that all three defendants had joined in this request.

mand for a new preliminary exam after counsel had in fact been retained. Defense counsel argued before the circuit court that defendants were entitled to a remand because they were not represented by counsel at the preliminary exam. The argument was based on the supposed dissatisfaction of defendants with appointed counsel and the fact that defendants had communicated to appointed counsel that they were going to retain their own attorney. The argument on appeal is that both the district court and circuit court abused their discretion.

The problems inherent in delaying the preliminary exam to allow defendants to retain counsel were extensively discussed recently in *People v Eddington,* 77 Mich App 177; 258 NW2d 183 (1977). We agree with that discussion and reach the same conclusion; the failure to delay the preliminary exam was harmless error. As stated in *Eddington,* defendants have failed to show how they were prejudiced by the district court's failure to grant a continuance or the circuit court's failure to remand for further examination:

"The district court's decision to bind over was clearly supported by the evidence. The defendant has not alleged nor shown that retained counsel would have gained more discovery or evidence for later impeachment at trial through cross examination at the preliminary examination. Nor has the defendant alleged trial use of testimony from an examination witness who was unavailable at the time of the trial, or failure to preserve favorable testimony. Finally, the timely appointment of able trial counsel prevented neglect or loss of any of the pretrial motions available to the defendant." *People v Eddington,* at 190–191.

## V

Defendants argue that the prosecutor violated

MCLA 600.1436; MSA 27A.1436, which prohibits questioning a witness on religious belief, during the direct examination of the victim. The claim is based on the following exchange:

"Q *[George Mullison, Assistant Prosecuting Attorney]* Now, was there ever a time when you worked in a black neighborhood?
"A Yes, there was.
"Q And how long a period of time was that?
"A About three and a half years.
"Q And where was that?
"A It was in Brooklyn.
"Q That would be in New York City?
"A It's a borough of New York City.
"Q What were you doing there at that time?
"A I was engaged in religious activity. I was assigned a congregation there and I worked with youth, older people, with the people in the area, the community.
"Q All right. And was the congregation and the youth —what color were they predominantly?
"A Predominantly black.
"Q Do you subscribe to the statement that all blacks look alike?
"A No, nobody looks alike. Everybody looks different."

The single question to which objection is raised for the first time on appeal was not directed to the victim's religious beliefs but rather his ability to identify the defendants. In an interracial identification situation, evidence of the witness's prior contacts with another race is properly admitted to show the reliability of the in-court identification. There was no error.

## VI

Defendants contend the victim's in-court identifi-

cation should have been excluded because it was based on an impermissibly suggestive pretrial confrontation. The pretrial confrontation relied upon is the preliminary exam. The circuit court in ruling on defendants' motion to suppress identification testimony ruled that the procedure at the preliminary exam was not unduly suggestive. We agree with that ruling. *People v Belenor,* 71 Mich App 10; 246 NW2d 355 (1976), *People v Manuel Johnson,* 58 Mich App 347; 227 NW2d 337 (1975), *leave denied,* 396 Mich 851 (1976).

## VII

Defendants contend that reversal and a new trial is required because the trial court refused to instruct on reckless discharge of a firearm, MCLA 752.861; MSA 28.436(21), as a lesser included offense of assault with intent to commit murder. The trial court did instruct on assault with intent to do great bodily harm less than murder, felonious assault, and simple assault.

We do not believe the trial court's refusal to instruct on the cognate lesser included offense of reckless discharge of a firearm entitles defendants to relief. As stated in *People v Herbert Ross,* 73 Mich App 588, 592; 252 NW2d 526 (1977):

"[T]he defendant was convicted of the charged offense even though instructions were given on the two lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault. If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing they could have found him guilty of one of the lesser offenses. They did not do so. We must conclude, therefore, that the jury had no reasonable doubt as to the defendant's guilt of the charged offense."

Although there was an additional reason[5] for not reversing in *Herbert Ross,* we believe either basis stated in that opinion is sufficient to avoid reversal.

## VIII

During the trial several jurors were exposed to a newspaper article concerning the jury selection in this case and an incident involving the defendant's prior appearance in court. The trial court discussed the matter with each juror individually and determined that two jurors had read the article. The one juror who remembered the contents of the article was excused. The other juror could remember only that defendants' names were mentioned. She specifically stated that the article would have no effect on her ability to render an impartial verdict.

Defense counsel moved for a mistrial because several jurors knew that the article had appeared and others had violated the judge's order by reading the article. The motion for mistrial was denied. We hold the trial court did not abuse its discretion in denying the motion.

Defendants are not entitled to a new trial or a mistrial simply because the jurors were exposed to a newspaper article concerning the trial or other acts of the defendants. As in similar situations, the controlling consideration is prejudice to the defendants. 24 CJS, Criminal Law, § 1449(4). There was no prejudice here. The article did not contain an account of the events for which defendants

---

[5] The requested charge in *Herbert Ross* was assault and battery. On a retrial the instruction could not have been given because of the Supreme Court's policy announcement in *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), prohibiting instruction on crimes with a penalty of one year or less where the charged offense carries a maximum term of over two years.

were on trial, nor did it express any opinion on the guilt of the defendants. It could have had no effect on the jury's deliberation for the present charges.

## IX

No one caught the error at the time, but in addition to sentencing the defendants for the three offenses on which the jury returned guilty verdicts, the trial court also sentenced defendants for attempted murder. This count had been dismissed before the case was submitted to the jury. Since defendants were not convicted of this offense, the sentence for attempted murder must be vacated.

## X

Defendants argue they are entitled to resentencing. The claim is based on the fact that the court sentenced them to a crime they were not convicted of, attempted murder, and alleged inaccuracies in the presentence report. We will also consider the fact that there was insufficient evidence to sustain the conviction for carrying firearms with intent to use them unlawfully against the person of another.

The sentencing procedure is an important step in the criminal process and must be based on accurate information. *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971). Because the trial court erroneously sentenced defendant for attempted murder, we remand for resentencing. The sentencing court is reminded that the sentence may not be increased because defendant refused to acknowledge his guilt. *People v Westerfield,* 71 Mich App 618; 248 NW2d 641 (1976).

The sentence for attempted murder is vacated.

The conviction for carrying weapons with intent to use them unlawfully against the person of another is reversed. The convictions for armed robbery and assault with intent to commit murder are affirmed and remanded for resentencing.