PEOPLE v GATEWOOD

Docket No. 48212. Submitted November 12, 1980, at Lansing.—Decided February 17, 1981.

Charles E. Gatewood was convicted of felonious assault, Jackson Circuit Court, James G. Fleming, J. He appeals, alleging that the trial court erred in denying his motion for a continuance in order to obtain new counsel. *Held:*

The trial court properly denied defendant's motion. The record indicates that defendant did not have a bona fide, irreconcilable difference with his attorney which would have justified substitution of counsel and that he was not prejudiced by the court's denial. The decision to proceed *in propria persona* was his and the court properly concluded that defendant was competent to represent himself. Any detriment to his defense was a product of his own decision.

Affirmed.

1. CRIMINAL LAW — TRIAL — SUBSTITUTION OF COUNSEL.

Substitution of counsel in a criminal case should be permitted where it does not disrupt the judicial process and where discharge of the first attorney is for good cause.

2. CRIMINAL LAW — TRIAL — ADJOURNMENTS — APPEAL.

The granting of adjournments and continuances in a criminal case is discretionary with the trial court, and, in evaluating the exercise of this discretion on appeal, reference is to be made as to whether: 1) the defendant was asserting a constitutional right, 2) he had a legitimate reason for asserting the right, 3) he was not guilty of negligence, 4) prior adjournments of the trial were not at defendant's behest, and 5) defendant demonstrates on appeal prejudice resulting from the trial court's abuse of discretion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 321.
[2] 17 Am Jur 2d, Continuance § 27.

Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

C. L. HORN, J. Defendant was convicted of felonious assault, MCL 750.82; MSA 28.277, and appeals as of right. Defendant raises a number of issues, one of which merits discussion.

On the morning of the first day of trial, defendant informed the trial court that he had dismissed his attorney the previous night based upon his belief that, since the court had denied most of defendant's trial motions, his attorney could not prepare an adequate defense. He then moved for a continuance in order to obtain new counsel. Defendant's attorney informed the court that he had a very good relationship with defendant and that the dismissal was very surprising.

In denying defendant's motion, the trial court concluded that counsel had done an extremely capable job representing the defendant which included the filing and arguing of all possible motions and obtaining the dismissal of an additional count of possession of burglary tools. The court also noted that defendant waited until the day before trial to dismiss his attorney and that the case had been adjourned previously at defendant's request. After defendant denied several times that he wanted to proceed with the trial and represent himself, the court concluded that, since defendant appeared to be knowledgeable in the law, he could proceed *in propria persona* but that his attorney

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was to remain in the courtroom in order to provide assistance. Defendant remained silent during the entire course of the trial. He did not challenge any of the jurors, make any opening or closing statement, conduct any cross-examination of the prosecution's witnesses, or present any evidence in his own behalf.

Defendant argues that the trial court erred in denying his motion for a continuance in order to obtain new counsel. We disagree. While substitution of counsel should be permitted if it does not disrupt the judicial process and if discharge of the first attorney is for good cause, *People v Eddington,* 77 Mich App 177; 258 NW2d 183 (1977), *lv den* 402 Mich 944 (1978), the granting of adjournments and continuances is a matter of court discretion. The exercise of this discretion is to be evaluated with reference to the five factors set forth in *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976). The record indicates that defendant did not have a bona fide, irreconcilable difference with his attorney that would have justified substitution. Defendant and his attorney appear to have had a good working relationship until the day before trial. While defendant complains that the trial court had denied several of his motions, defendant fails to recognize that his attorney succeeded in dismissing the count of possession of burglary tools and that he presented all possible motions on defendant's behalf.

Finally, we do not find that defendant was prejudiced by the trial court's denial of his motion for a continuance. While it is true that counsel did not participate at trial, this was the result of defendant's decision. Defendant was given the option of continuing with his attorney in a full or advisory capacity or of proceeding *in propria persona.* The

court properly concluded that defendant's actions and arguments in court showed that defendant was competent to represent himself. It is clear that any detriment to his defense was a product of his own decision to reject the trial process once his initial request was denied. He refused to cross-examine witnesses or present any defense, and he ignored all procedural questions asked by the court.

Therefore, we find that the trial court did not abuse its discretion in denying defendant's motion. We have also examined the other issues raised by defendant and find no reversible error. Accordingly, the defendant's conviction is affirmed.