PEOPLE v REESE

Docket No. 51183. Submitted June 1, 1981, at Lansing.—Decided April 5, 1982.

Edward C. Reese was convicted by a jury in Ingham Circuit Court of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct in the second degree and assault with the intent to commit criminal sexual conduct in the second degree. Defendant was sentenced to a single sentence of 5 to 15 years although he was convicted of 2 felonies, Robert Holmes Bell, J. Defendant appeals. *Held:*

1. The trial court did not err in refusing to instruct the jury that the personal injury element of second-degree criminal sexual conduct requires more than just evidence of injury which necessarily occurs in any sexual assault. The jury was not misled as to the proper elements to be considered in determining whether the offenses charged had been proved.

2. The trial court did not abuse its discretion in denying defendant's request for substitute counsel.

3. The 5- to 15-year sentence imposed on defendant was improper as to the assault conviction. The maximum sentence for assault with intent to commit criminal sexual conduct in the second degree is five years. Defendant's convictions are affirmed, but he must be resentenced on the assault charge.

Remanded for resentencing.

1. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT.

Fourth-degree criminal sexual conduct is a necessarily included lesser offense of second-degree criminal sexual conduct, the only difference between them being the element of personal injury.

2. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — PERSONAL INJURY.

Personal injury, for purposes of the criminal sexual conduct

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assault and Battery § 24.

What constitutes offense of "sexual battery." 87 ALR3d 1250.

statutes, is defined as bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or a loss or impairment of a sexual or reproductive organ (MCL 750.520a[f]; MSA 28.788[1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. Defendant was convicted of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct in the second degree, MCL 750.110; MSA 28.305, and of assault with the intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2). The specific intent element of each charge involved an allegation that defendant intended to engage in sexual contact in which personal injury would result and that force or coercion was intended to accomplish the sexual contact. MCL 750.520c(1)(f); MSA 28.788(3)(1)(f).

On June 9, 1979, defendant broke into the complainant's apartment and attempted to perform cunnilingus on her. A struggle commenced, and when the complainant began screaming for her roommate, defendant told her to "shut up or he would kill her". The roommate awoke and succeeded in helping the complainant fight off defendant, who fled from the apartment. The complain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant testified that she had no physical injuries but was sore and had been very scared.

Defendant first contends that the trial court committed reversible error in refusing to instruct the jury that the personal injury element of second-degree criminal sexual conduct requires more than just evidence of injury which necessarily occurs in any sexual assault. Basically, defendant argues that the trial court's instructions on the element of intent to cause personal injury failed to make a meaningful distinction between second-degree criminal sexual conduct and fourth-degree criminal sexual conduct.

Fourth-degree criminal sexual conduct is a necessarily included lesser offense of second-degree criminal sexual conduct, the only difference between them being the element of personal injury. *People v Gorney,* 99 Mich App 199; 297 NW2d 648 (1980). Personal injury is defined in MCL 750.520a(f); MSA 28.788(1)(f) as: "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or a loss or impairment of a sexual or reproductive organ".

Defendant's argument focuses on "mental anguish" as satisfying the additional element of personal injury in second-degree criminal sexual conduct. Citing *People v Gorney, supra,* defendant contends that mental anguish must be something more than the mental anguish a victim of any degree of criminal sexual conduct suffers.

In *Gorney,* this Court reversed the defendant's guilty plea to second-degree criminal sexual conduct because the sole reference to the complainant's personal injury was an acknowledgment by defendant that the complainant was "upset". This Court construed the term "mental anguish" to mean "extreme mental anguish" to avoid finding

the statute unconstitutionally vague. The Court stated:

"We would conclude that if a victim is 'upset', the element of mental anguish is not satisfied so as to justify a conviction of second-degree criminal sexual conduct. We must presume that the victim of any degree of criminal sexual conduct will be 'upset' by the experience. Thus, the same act which may give rise to a felony charge of second-degree criminal sexual conduct could just as well constitute the misdemeanor offense of fourth-degree criminal sexual conduct." *Gorney, supra,* 206.

The argument of defendant is not convincing. Mental anguish is only one example of personal injury under the statute, which also includes "bodily injury". There was sufficient evidence produced during the trial to support a conclusion that the defendant intended to inflict bodily injury at the time of the breaking and entering and of the assault. During the struggle between the defendant and the victim, defendant threatened to kill her. The fact that defendant attacked the complainant after being discovered in her apartment and that he continued to struggle with her until her roommate appeared bolsters the position of the prosecution that personal injury was intended, whether it be mental anguish or bodily injury. This is fortified also by the testimony of the complainant that afterwards she was sore and frightened.

It is not necessary here to attempt to dissect *People v Gorney, supra.* this Court also refrained from doing so in *People v Baker #2,* 103 Mich App 704, 709; 304 NW2d 262, 264 (1981), although suggesting that the decision may be suspect. More than mental anguish is here involved and it is not a deciding factor. Additionally, *Gorney* did not

concern jury instructions but rather addressed the issue of the requirements of a sufficient factual basis for acceptance of a guilty plea to criminal sexual conduct in the second degree. We hold that the decision in *Gorney* is not controlling here.

Examination of the instructions as a whole clearly leads us to the conclusion that the jury was not misled as to the proper elements to be considered in determining whether the offenses charged had been proved. Therefore, there was no error. *People v Watts,* 61 Mich App 309; 232 NW2d 396 (1975).

Defendant's second claim involves the trial court's failure to grant him substitute counsel. The trial court did not abuse its discretion in denying defendant's request because no good cause for substitution of counsel was shown. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), *People v Gatewood,* 103 Mich App 763; 304 NW2d 3 (1981).

The final issue concerns the sentence imposed upon defendant. The trial court assessed a single sentence of 5 to 15 years although defendant was convicted of 2 felonies. The sentence fits within the prescribed punishment for the breaking and entering conviction. MCL 750.110; MSA 28.305. However, it exceeds the limit contained in the section providing the punishment for assault with intent to commit criminal sexual conduct in the second degree. MCL 750.520g(2); MSA 28.788(7)(2). The maximum for that crime is five years; therefore the sentence was improper for that charge. This matter must be remanded for resentencing. *People v Flinnon,* 78 Mich App 380; 260 NW2d 106 (1977).

The defendant's convictions are affirmed, but this cause is remanded to the trial court for resentencing on the assault charge.

Remanded for resentencing.