PEOPLE v ECCLES

Docket No. 75141. Submitted August 23, 1984, at Detroit.—Decided
December 12, 1984.

Walter Eccles was convicted of first-degree criminal sexual con-
duct following a bench trial in Detroit Recorder's Court and
was sentenced, Samuel H. Olsen, J. Defendant appealed. *Held:*

1. Defendant's argument that his confession must be held
inadmissible because his confession was made in response to
questions asked by police officers, because the officers failed to
take notes or otherwise record his statement, and because the
officers' accounts at trial consisted of no more than para-
phrased and editorial accounts necessarily different from his
exact statement is rejected. Defendant's argument is without
foundation in either law or fact.

2. There was sufficient evidence presented at trial to support
a conviction of first-degree criminal sexual conduct.

3. Defendant lacks standing to challenge the constitutionality
of a section of the first-degree criminal sexual conduct statute
other than the one under which he was convicted.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — CONFESSIONS.

The fact that a confession is not substantiated by a contempora-
neous record does not render it inadmissible.

2. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE.

Evidence presented at trial is sufficient to support a conviction if
it could lead a rational trier of fact to conclude that the
essential elements of the crime were proven beyond a reason-
able doubt.

3. CRIMINAL LAW — STATUTES — CONSTITUTIONAL CHALLENGES —
STANDING.

A defendant has no standing to challenge the constitutionality of

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 545, 549.

Constitutional aspects of procedure for determining voluntariness of
pretrial confession. 1 ALR3d 1251.

[2] 30 Am Jur 2d, Evidence § 1170.

[3] 16 Am Jur 2d, Constitutional Law § 188.

any part of a statute other than the part under which he is being prosecuted or was convicted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Clarence H. Ledwon,* for defendant on appeal.

Before: SHEPHERD, P.J., and MACKENZIE and P. NICOLICH,* JJ.

PER CURIAM. Defendant was convicted after a bench trial of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). He was subsequently sentenced to a term of from 5 to 15 years and appeals as of right.

Defendant first argues on appeal that, after being read his *Miranda* rights, he responded to an arresting officer's question with a statement later introduced into evidence against him; that the officers failed to take notes or otherwise record the statement; that the officers' accounts at trial therefore necessarily consisted of no more than paraphrased and editorialized accounts; and that, as these accounts were necessarily different from defendant's exact statement, under *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), his confession must be held inadmissible.

In essence, defendant proposes a new rule of law —that confessions should be held inadmissible if they are not substantiated by a contemporaneous record. Defendant would require the assumption that a witness is incapable of accurately testifying as to even the simplest statement or response by a

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant and further overlooks the safeguards already present in our justice system to filter out inaccurate or exaggerated testimony such as cross-examination and impeachment.

*People v McGillen #1, supra,* lends little support to defendant's position. The defendant's statements in that case were ruled inadmissible because the prosecution failed to establish that the defendant had knowingly and intelligently waived his *Miranda* rights, see *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), not because the arresting officer had given an editorialized version of them. That the officer deliberately testified to an edited version of defendant's statements went only to the question of the officer's credibility. The other cases cited by defendant in his brief are equally unsupportive.

We note finally that even if such a rule were to be accepted here, which it is not, there is no support in the record for defendant's assertion that the police officer's testimony regarding the defendant's statement was paraphrased and editorialized. We find defendant's argument without foundation in either law or fact.

Defendant next contends that the evidence presented at trial was insufficient to support a conviction of first-degree criminal sexual conduct. Much of defendant's argument is addressed to a conviction under MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) —first-degree criminal sexual conduct which causes personal injury to the victim. As defendant was convicted of first-degree criminal sexual conduct while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), such argument is irrelevant. As to the remainder of defendant's argument, the direct testimony by the complainant concerning the existence of a knife and clothes hanger was sufficient to lead a rational trier of

fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Flinnon,* 78 Mich App 380, 384; 260 NW2d 106 (1977); *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981), *lv den* 412 Mich 857 (1981).

Defendant's third and final argument challenges the constitutionality of MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) for reasons of vagueness. As noted above, however, defendant was convicted under subsection (1)(e) of the criminal sexual conduct statute, not (1)(f). Defendant therefore lacks standing to raise this issue.

Affirmed.