PEOPLE v GRIM

1. CRIMINAL LAW—DRUNKENNESS—DEFENSE OF INTOXICATION—
    CRIMES OF SPECIFIC INTENT.
    The proper jury instruction on intoxication as a defense to those
    crimes requiring specific intent is that "the crime cannot have
    been committed when the intent did not exist" rather than
    when the intent could not exist; an instruction incorporating
    both standards might be saved only if it clearly and predomi-
    nantly emphasized the proper standard.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—SPECIFIC INTENT—
    ELEMENTS OF CRIME.
    Assault with intent to rape requires specific intent.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY.
    A jury which has been given erroneous and correct instructions is
    presumed to have followed the erroneous instruction; evalua-
    tion on appeal of a jury instruction requires that the instruc-
    tion be read in its entirety.

4. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—DRUNKENNESS—
    INTOXICATION DEFENSE—SPECIFIC INTENT—INSTRUCTIONS TO
    JURY.
    It was reversible error to instruct a jury in a trial for assault
    with intent to rape on intoxication as a defense to the requisite
    specific intent where the instructions contained three separate
    and various expressions of an erroneous standard; instructions
    that a defendant was "incapable" of the intent, "could not
    have" such intent and that it was "impossible" for him to have
    such intent are improper.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.
    A trial court's incorrect statement of the law may be initially

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 21 Am Jur 2d, Criminal Law §§ 107, 108.
[2, 4] 65 Am Jur 2d, Rape § 22.
[3] 5 Am Jur 2d, Appeal and Error §§ 891–894.
[5] 75 Am Jur 2d, Trial §§ 166, 167, 708.
[6] 29 Am Jur 2d, Evidence § 209.

raised on appeal, or reviewed *sua sponte* by the appellate court; failure to object to an instruction to the jury does not always proscribe an allegation of error.

6. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO REMAIN SILENT—EVIDENCE.

Testimony by a police officer that a defendant stood silent when accused of attempted rape raises the clear possibility that a jury would infer guilt from the defendant's silence and impinges on the defendant's constitutional right to remain silent.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted October 7, 1975, at Grand Rapids. (Docket No. 21570.) Decided October 14, 1975.

Saunders Grim was convicted of assault with intent to rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael Slaughter,* Assistant Prosecuting Attorney, for the people.

*Brignall, DeVries & Lamb, P. C.,* for defendant.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and DENEWETH,* JJ.

R. B. BURNS, J. Defendant appeals his conviction by a jury of assault with intent to rape. MCLA 750.85; MSA 28.280. We find reversible error in the trial court's instruction to the jury on the defense of intoxication.

*People v Crittle,* 390 Mich 367, 374; 212 NW2d 196, 199 (1973), clearly elucidates the proper nature of a jury instruction on intoxication as a defense to those crimes requiring specific intent:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"These various rules all have one thing in common. They refer to a *capacity* standard. Their test is not Justice COOLEY's—'[T]he crime cannot have been committed when the intent *did not exist.'* Their test is rather 'the crime cannot have been committed when the intent *could not exist.'* It is obviously a different standard and not to be followed." (Emphasis in original.)

Assault with intent to rape requires specific intent, and a jury must be adequately instructed thereupon.

Our evaluation of the instruction requires that it be read in its entirety. *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972), *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974). In this regard, *People v Scott,* 55 Mich App 739, 743–744; 223 NW2d 330, 333 (1974), represents the conclusion of a panel of this Court that:

"While the COOLEY standard (the intent *did not exist)* is different than the capacity standard (the intent *could not exist),* this is not to say that there is an irreconcilable conflict between the two when both are found in the same charge." (Emphasis in original.)

This belief is difficult to square with the presumption expressed in *People v Gilbert Johnson,* 52 Mich App 560, 563; 218 NW2d 65, 67 (1974): "given erroneous and correct instructions, the jury is presumed to have followed the incorrect instruction". *Crittle's* disapproval of a capacity standard is explicit. It seems obvious that an instruction incorporating both standards might only be saved if it clearly and predominantly emphasized the proper COOLEY standard.

Such is not the case in this instance. The instruction contains at least three separate and various expressions of the erroneous capacity stan-

dard: first, "as to render him *incapable* of entertaining that intent"; second, "you must find that his intoxication was such as to make it *impossible* for him to have the requisite intent"; and third, "that he wasn't conscious of what he was doing, or did not know why he was doing it, then he *could not* have such intent". (Emphasis added.) The first version closely approximates that of *People v Stram,* 40 Mich App 249; 198 NW2d 753 (1972); the last version is the long-used formulation of *Roberts v People,* 19 Mich 401 (1870). Both are expressly disavowed in *Crittle.*

The people wrongly assert defendant's failure to object to the instruction as proscriptive of his allegation of error. The trial judge's incorrect statement of the law may be initially raised on appeal, or reviewed *sua sponte* by the Court. *People v Guillett,* 342 Mich 1, 7; 69 NW2d 140, 143 (1955), *Crittle, supra,* 370–371.

Discussion of the other allegations of error is not necessary in view of our resolution of the first issue. Nevertheless, we have considered the other issues raised by the defendant and find one to have possible merit. A Detective Ballett testified at trial that defendant stood silent when accused of attempted rape. This testimony raises the clear possibility that the jury would infer guilt from defendant's silence. This may be seen to negatively impact on defendant's constitutional right to remain silent. It is suggested that this testimony not be repeated on retrial.

Reversed and remanded.