PEOPLE v ROSS

PEOPLE v PROVOST

1. CRIMINAL LAW—CORPUS DELICTI—INDEPENDENT PROOF.

The corpus delicti of a crime must be established by proof independent of any extrajudicial confession or admission by an accused.

2. CRIMINAL LAW—CORPUS DELICTI—CIRCUMSTANTIAL EVIDENCE—INFERENCES.

The corpus delicti of a crime may be shown by circumstantial evidence and reasonable inferences.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—MANIFEST INJUSTICE.

The failure to object to an allegedly erroneous jury instruction precludes a claim of error on appeal, in the absence of a manifest injustice.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF CRIME.

An accused is entitled to jury instructions which are not erroneous or misleading with respect to all of the essential elements of the crime charged.

5. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY— LESSER INCLUDED OFFENSES.

An instruction which informs the jury that if they find the defendants not guilty of the offenses charged they can consider lesser included offenses, where the instruction does not require the jury to unanimously agree on the innocence of the defendants as to the crimes charged before considering the lesser included offenses, is error, although non-reversible.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence §§ 1136–1138.

[3] 75 Am Jur 2d, Trial §§ 915, 916.

[4] 75 Am Jur 2d, Trial §§ 713, 715.

Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.

[5, 6] 21 Am Jur 2d, Criminal Law §§ 185, 494.

6. CRIMINAL LAW—ASSAULT AND BATTERY—AIDERS AND ABETTORS—
   INTENT—LESSER INCLUDED OFFENSES.

    It is not inconsistent to impute the intent to do great bodily harm
   less than murder to a defendant who aided and abetted a
   defendant convicted of assault with intent to murder, since a
   finding of guilt to the charge of assault with intent to murder
   implicitly amounts to a finding of guilt on the charge of assault
   with intent to do great bodily harm less than murder, because
   the latter charge is a lesser included offense of the former.

Appeal from St. Clair, Ernest F. Oppliger, J. Submitted April 6, 1976, at Detroit. (Docket Nos. 23226, 23332.) Decided May 19, 1976.

Richard F. Ross was convicted of assault with intent to commit murder and unarmed robbery. Daniel E. Provost was convicted of assault with intent to do great bodily harm less than murder and unarmed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Carl Ziemba,* for defendants.

Before: D. F. WALSH, P. J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. Defendants were charged with assault with intent to commit murder, MCLA 750.83; MSA 28.278, and unarmed robbery, MCLA 750.530; MSA 28.798. The record indicates that defendants attacked an elderly male in his residence, and defendant Ross repeatedly kicked at the head of the senior citizen causing severe injury. Defendant Ross was jury-convicted of the charged offenses, and sentenced to concurrent

terms of 7-1/2 to 25 and 5 to 15 years in prison. Defendant Provost was jury-convicted of unarmed robbery and assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279, and received 4 to 10 years on the assault conviction and 4 to 15 years for the unarmed robbery conviction. Defendants appeal by right.

## I.

Must the unarmed robbery convictions be set aside owing to lack of proof *aliunde* the admissions of defendants that property was taken?

The corpus delicti of a crime must be established by proof independent of any extrajudicial confession or admission by an accused. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *People v Harris,* 64 Mich App 503; 236 NW2d 118 (1975). In our view, such was shown. The record reflects, among other things, that defendants possessed a flashlight shortly after the alleged offense took place, that witnesses observed them wiping fingerprints from the flashlight and wrapping it in a blue towel, and that police recovered the towel and flashlight from a trash barrel at a location defendants had gone to by taxi after the criminal transaction. Although the victim's mental faculties were affected by the head injury, he testified that the flashlight looked just like the one he owned. The corpus delicti may be shown by circumstantial evidence and reasonable inferences. *People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975). Therefore, even if one discounts extrajudicial admissions of defendants that they took money, a coin purse, and a flashlight from the victim, we find that the jury could reasonably infer that property (the flashlight) was taken and that de-

fendants' actions support no reasonable inference of innocence.

## II.

Whether the lower court's charge to the jury shifted the burden of proof on the element of intent to defendants and relieved the prosecutor of having to establish the intent element?

The disputed instruction reads:

"Now, the question of intent is one that is hard to establish directly, because grown persons do not always disclose the object they have in view in any acts in which they may indulge, and you have to gather the intent from the character of the act, the circumstances surrounding it, and from conduct of a like character which may appear as tending to aid you in finding and discovering it. But in connection with all this, unless the testimony satisfies you of something else, you are warranted in holding a party responsible for the natural, probable and legitimate consequences of his acts. The intent may be presumed from the doing of a wrongful, fraudulent or illegal act. But this inference or presumption is not necessarily conclusive. The law presumes that every man intends the legitimate consequences of his own acts."

No objection was made by trial counsel and, in fact, they expressed satisfaction with the court's charge. Normally, failure to object precludes assignment of error on appeal in the absence of a manifest injustice. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972), *lv den,* 388 Mich 809 (1972). Nevertheless, an accused is entitled to instructions on the essential elements which are not erroneous or misleading. *People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967). Although one might argue that the term "the law presumes"

tends to mislead, under existing jurisprudential law the instant charge, when read as a whole,[1] neither relieved the prosecution of its burden, shifted the burden to defendants, nor requires reversal. *People v Adams,* 48 Mich App 595; 210 NW2d 888 (1973), *People v Jordan,.* 51 Mich App 710; 216 NW2d 71 (1974).[2]

## III.

Must defendants' convictions be reversed because the trial court instructed the jury that if it found defendants not guilty of the offenses charged then it may consider the lesser included offenses?

The trial court charged the jury that:

"If you should find after a careful consideration of all of the testimony that the Defendant is not guilty of the offense as charged in the information, then you may consider the question of their guilt or innocence of a lesser offense."

Since the instruction did not require the jury members to agree unanimously on the innocence of defendants as to the crimes charged prior to considering lesser included offenses, the instruction was nonreversible error. *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *People v Walker,* 58 Mich App 519; 228 NW2d 443 (1975), *People v Freeman,* 57 Mich App 90; 225 NW2d 171 (1974).[3]

---

[1] *People v Blake,* 58 Mich App 685, 688; 228 NW2d 519 (1975).

[2] *See also* the opinions of V. J. BRENNAN, J., and BASHARA, J., in *People v Smith,* 67 Mich App 145; 240 NW2d 475 (1976).

[3] *Also see People v Don Francisco Lopez,* 65 Mich App 653; 237 NW2d 599 (1975), *People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975), *People v Waldron,* 64 Mich App 648; 236 NW2d 732 (1975), *People v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975), *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). *But see People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974).

## IV.

Whether defendant Provost's conviction for assault with intent to do great bodily harm less than murder is reversibly inconsistent because his guilt was predicated upon having aided and abetted defendant Ross who was found guilty of assault with intent to murder?

Since assault with intent to do great bodily harm less than murder is an included offense of assault with intent to murder, defendant Ross's conviction of assault with intent to murder implicitly amounted to a finding that he was equally guilty of assault with intent to do great bodily harm less than murder. Thus, the principal, Ross, was found to have the intent imputed to the aider and abettor, Provost. Moreover, there is a rational basis for the differing verdicts. Based upon the evidence, the jury could reasonably infer that the initial assault was a joint enterprise in which Provost aided and abetted Ross, but that the subsequent kicking by Ross was without Provost's concurrence. We find no error.

The remaining issue is so insubstantial as to merit no formal discussion.

Affirmed.