PEOPLE v WRIGHT

PEOPLE v PEREZ

CRIMINAL LAW—PRESUMPTION OF INNOCENCE—INTENT—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

A trial court may not withdraw or prejudge the element of intent in a criminal case by instructing the jury that the law raises a presumption of intent to commit a crime from an act; such an instruction places the burden on the defendant to overcome a presumption of guilt and is inconsistent with the presumption of innocence.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted June 13, 1977, at Detroit. (Docket Nos. 26356, 30055.) Decided September 8, 1977.

Arnold Wright and Salvadore Perez were convicted of conspiracy to deliver heroin and of delivery of heroin. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Acting Director, Prosecutor's Repeat Offender's Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*O. Lee Molette,* for defendant Wright on appeal.

*Joel S. Brown* and *Carl Ziemba,* for defendant Perez on appeal.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 224–227.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. This is a criminal case involving conspiracy to deliver heroin and separate counts of delivery of heroin. Defendant Perez was found guilty in a jury trial of conspiracy to deliver heroin and on one count of delivery of heroin. Defendant Wright was convicted of conspiracy to deliver heroin and of three counts of delivery. Defendants appeal as a matter of right.

Although both defendants make several claims of error, we find one issue dispositive. Defendants contend that the trial court committed reversible error in its instructions to the jury regarding intent. The trial judge instructed the jury as follows:

"The question of intent is one that is hard to establish directly, because grown persons do not always disclose the object they have in view in any acts in which they may indulge. And you as jurors will have to gather the intent of the individual from the character of the act, from the circumstances surrounding it, and from conduct of a like character which may appear as tending to aid you in finding and discovering his or her intent.

"But in connection with all this, *unless the testimony satisfies you of something else,* you are warranted in holding a party responsible for the natural, the probable, and the legitimate consequences of his or her acts. The intent may be presumed from the doing of a wrongful or a fraudulent or an illegal act. But this inference or this presumption is not necessarily conclusive.

"*The law presumes that every man or woman intends the natural, the probable, and the legitimate consequences of his or her own willful and voluntary acts.* And wrongful acts knowingly or intentionally commit-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ted can neither be justified nor excused on the ground of innocent intent." (Emphasis supplied.)

In a criminal case, the burden remains upon the prosecution throughout the trial to prove each element of the crime charged beyond a reasonable doubt. *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). The instructions given in this case, it is argued, have the effect of shifting, at least in the minds of the jurors, the burden of proof with respect to one of the elements of the crime, namely, specific intent. We agree.

An instruction on intent similar to that used by the trial court in the instant case was condemned in *People v Smith,* 67 Mich App 145; 240 NW2d 475 (1976), which extensively discussed cases dealing with instructions on presuming intent. This Court stated:

"The trial court's instruction * * * had the effect of improperly directing the jury to look to defendant for evidence explaining his acts and, absent an explanation, to assume intent. Use of the word "presumption", or its equivalent, does not automatically mandate reversal. *People v Jordan* [51 Mich App 710, 716; 216 NW2d 71 (1974)]. However, where the overall effect of the instruction places a burden upon defendant to produce evidence in order to overcome a presumption of guilt, such an instruction is inconsistent with the presumption of innocence." 67 Mich App at 152.

In the instructions at issue here, the language "unless the testimony satisfies you of something else" is precisely that proscribed in *People v Smith, supra.* The trial court's instruction as to what the law presumes is excessively misleading. By telling the jury that the "law presumes" intent from a person's act, the trial court may have

effectively induced some of the jurors to believe that, as a matter of law, defendants had the intent requisite for the crime charged. "The trial court may not withdraw or prejudge the issue by instruction that the law raises a presumption of intent from an act." *Morissette v United States,* 342 US 246, 274; 72 S Ct 240, 255; 96 L Ed 288, 306 (1952). Though the trial court stated that the presumption was not necessarily conclusive, the clarification was insufficient to eradicate the prejudice caused to defendants. The instructions serve to eliminate one of the elements of the crime from the jury's consideration by presuming intent as a matter of law. Therefore, we reverse and remand for a new trial.