## PEOPLE v MAYNARD

Docket No. 31160. Submitted February 15, 1978, at Detroit.—Decided July 5, 1978. Leave to appeal applied for.

Ronald D. Maynard was convicted of attempted larceny from a motor vehicle in the Wayne Circuit Court, Harry J. Dingeman, Jr., J. Defendant appeals claiming reversible error in the trial court's instructions to the jury. *Held:*

A claim of error regarding a trial court's incorrect statement of the law may be raised for the first time on appeal. The use of the capacity standard, in instructing a jury on intoxication as a defense to a crime requiring specific intent, was not reversible error per se and did not require reversal where the jury was also informed by use of the COOLEY standard that the defendant must be proven to have actually possessed the specific intent at the time the crime was committed, regardless of intoxication or any other reason whatsoever. The instruction was harmless error since the defendant claimed that he did not have the capacity to form a specific intent and thus offered his defense upon the very basis embodied in the instruction. A trial court may not instruct the jury so as to require, rather than permit, a finding of intent from a defendant's acts since a conclusive presumption that intent must be found from acts of a defendant would effectively remove intent as an element of the crime charged.

Affirmed.

M. F. CAVANAGH, J., dissented and would hold that an instruction which incorporates both the capacity and COOLEY standards results in reversible error where it predominately stresses the improper capacity standard; emphasizing such standard prejudices a defendant claiming lack of memory by

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 810 *et seq.,* 891 *et seq.*
    75 Am Jur 2d, Trial § 906 *et seq.*
[2–4, 7] 21 Am Jur 2d, Criminal Law §§ 107, 108.
    75 Am Jur 2d, Trial §§ 426, 743.
[5] 75 Am Jur 2d, Trial §§ 719, 781.
[6] 5 Am Jur 2d, Appeal and Error § 624 *et seq.*
    75 Am Jur 2d, Trial § 192 *et seq.*

leading the jury to overlook the possibility that the defendant, though capable, did not have a larcenous intent, but did have some other intent, which he can't remember.

OPINION OF THE COURT

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.

A trial court's incorrect statement of the law may be initially raised on appeal; failure to object to an instruction to the jury does not always proscribe an allegation of error.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DRUNKENNESS—DEFENSE OF INTOXICATION—CRIMES OF SPECIFIC INTENT.

A proper jury instruction on intoxication as a defense to those crimes requiring specific intent informs the jury to consider whether the defendant had in fact possessed specific intent where specific intent could be negated by voluntary intoxication; an instruction which stresses the defendant's capacity to form the necessary specific intent and which, therefore, misdirects the jury's attention to a consideration unrelated to the specific intent element to be proved is unacceptable.

3. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—CAPACITY STANDARD—COOLEY STANDARD—DEFENSE OF INTOXICATION—CRIMES OF SPECIFIC INTENT.

The use of the capacity standard, in instructing a jury on intoxication as a defense to those crimes requiring specific intent, is not reversible error per se and does not require reversal where the jury has also been informed by use of the COOLEY standard that the defendant must be proven to have actually possessed the specific intent at the time the crime was committed, regardless of intoxication or any other reason whatsoever.

4. CRIMINAL LAW—APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS TO JURY—CAPACITY STANDARD—DEFENSE OF INTOXICATION—SPECIFIC INTENT.

The erroneous use of the capacity standard, in instructing a jury on intoxication as a defense to those crimes requiring specific intent, was harmless error in a trial for attempted larceny from a motor vehicle where the defendant claimed that he did not have the capacity to form a specific intent and thus offered his defense upon the very basis embodied in the instruction given.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—INTENT—PRESUMPTIONS—ACTS OF DEFENDANT.

A conclusive presumption that intent must be found from acts of

a defendant is not permitted because this would effectively remove intent as an element of the crime charged; therefore, a trial court may not instruct a jury so as to require, rather than permit, a finding of intent from a defendant's acts.

6. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING ERROR.
    A criminal defendant was not deprived of a fair trial by allegedly erroneous comments by the prosecutor on cross-examination and in closing argument where no objection was made to the comments during cross-examination or following closing argument.

DISSENT BY M. F. CAVANAGH, J.

7. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—IN-
    TOXICATION— CAPACITY STANDARD—COOLEY STANDARD—PREJU-
    DICE—LACK OF MEMORY—INTENT.
    *An instruction to a jury, in a trial for attempted larceny from a motor vehicle, on the defense of intoxication which incorporates both the capacity and COOLEY standards is reversible error where the instruction predominately stresses the improper capacity standard; an instruction which emphasizes the capacity standard prejudices a defendant claiming lack of memory by leading the jury to overlook the possibility that the defendant, though capable, did not have a larcenous intent, but did have some other intent, which he can't remember.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William Wertheimer,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendant Ronald DeWayne Maynard was convicted by jury on June 2, 1976, of attempted larceny from a motor vehicle, contrary to MCL 750.356a; MSA 28.588(1). On August 25,

1976, he was sentenced to from 20 months to 2-1/2 years imprisonment. Defendant filed this appeal as of right on December 6, 1976. GCR 1963, 806.1.

The facts of this case may be simply stated. On April 19, 1976, while leaving his place of business for the evening, complainant James Foster noticed the defendant had entered his parked car and was attempting to remove the citizens' band radio. Defendant was in the process of unscrewing the radio from its holding bracket. Complainant confronted defendant and was told that he was taking the radio in order to meet child support payments. Complainant remained with defendant until the police arrived.

At trial, defendant presented an intoxication defense. His own testimony indicated that at the time of the theft he was not conscious of what he was doing. However, contrary testimony of complainant and the arresting officers was presented to the effect that defendant did not appear intoxicated. One officer stated he believed defendant had had a couple of drinks. The jury subsequently convicted defendant.

On appeal, defendant raises three allegations of error. We need address only one claim at any length.

Defendant contends the trial court committed reversible error by instructing the jury according to the capacity standard and not the COOLEY standard in its charge to the jury concerning defendant's intoxication defense.

The trial court instructed the jury on intoxication in the following way:

"The felonious intent is an essential and inseparable ingredient in every larceny. Every taking of the possession of the property of another is larceny when an intent to steal incurs at the time of the taking.

"Now, the Court instructs you that the intent with which an act is done is an act or emotion of the mind seldom if ever capable of direct or positive proof, but it is to be arrived at by such just and reasonable deductions or inferences from the acts and facts proved as the guarded judgment of a candid and cautious man would ordinarily draw therefrom.

"When the illegal act is done with an unlawful intent the law warrants the presumption or inference that a person intends the results or consequences to follow an act which he intentionally commits, which ordinarily is follow such acts [sic]. In this case the defendant alleges he was intoxicated and that he was unable to form a criminal intent or felonious intent. For that reason, members of the jury in this connection I charge you as follows: That while it is true that drunkenness or intoxication cannot excuse crime it is equally important where certain intent is a necessary element of an offense that the crime cannot be committed without the existence of the intent, and so such intent is just as necessary to be proven as the act itself. If the respondent by reason of the drunkenness or intoxication is incapable of entertaining such a specific intent a conviction cannot be sustained. Now, the jury may draw an inference as to the intent with which a particular act was done as they draw all other inferences from any fact in evidence which to their minds they fairly believe exists, and in considering any question they may and should take into consideration the nature of the defendants act or the temporary or disposition mind [sic] at the time the crime was committed or performed and all other circumstances to throw light upon the intention in which it was made.

"In determining whether the larceny was committed with the intent to permanently deprive the owner of his property it is material for the jury to inquire into the defendants mental faculties, and whether they were so far overcome by the effects of intoxication as to render him incapable of entertaining that intent. If his mental faculties were so far overcome by the intoxication that he was not conscious of what he was doing, or if he did know what he was doing, but he did not know why he was doing it or that his actions and the means he was

using were calculated or adapted to commit a larceny then he did not have sufficient capacity to entertain the intent. In that event the jury cannot infer that intent from his acts. But if he knew what he was doing, why he was doing it and that his actions with the means he was using to *[sic]* were naturally adapted to the commission of larceny then the intent to commit larceny should be inferred from his acts to the same extent as if he was sober.

"The defendant is not to be held responsible for the intent, if he was too drunk for a conscious exercise of the will to form the particular intent, or in other words too drunk to entertain it."

Defendant did not object to this instruction at trial. However, we will review defendant's claim despite the absence of such objection. *People v Grim,* 65 Mich App 143, 146; 237 NW2d 221 (1975), *People v Chambers #2,* 64 Mich App 386, 392; 236 NW2d 703 (1975).

The law regarding a trial court's responsibility to instruct on an intoxication defense has been much litigated recently in Michigan. The standard for trial court instruction has thus become clearer in the past year or so. What is required is instruction which informs the jury to consider whether defendant had in fact possessed specific intent in crimes where specific intent could be negated by voluntary intoxication. What has been found unacceptable is instruction which stresses defendant's capacity to form the necessary specific intent and so misdirects the jury's attention to a consideration unrelated to the specific intent element to be proved. *People v Crittle,* 390 Mich 367, 372; 212 NW2d 196 (1973).

However, decisions also indicate that instructing the jury on the capacity standard is not reversible error per se. Use of the capacity standard has not been found to require reversal where the jury has

also been informed by use of the COOLEY standard that the defendant must be proven to have actually possessed the specific intent at the time the crime was committed, regardless of intoxication or any other reason whatsoever. *People v Gunter,* 76 Mich App 483, 492; 257 NW2d 133 (1977), *People v Scott,* 55 Mich App 739, 741–746; 223 NW2d 330 (1974). We stated the following in *Scott:*

"Where, as here, the trial court affirmatively instructs the jury that they must address themselves to the question of *whether defendant did in fact have the necessary intent,* the giving of the so-called 'capacity standard' not only does not create any irreconcilable conflict, inconsistency or confusion, but rather it more fully informs the jury of the overall scope of their duty." (Emphasis added.) 55 Mich App at 745.

See also *People v Gunter, supra,* at 492.

We must determine here whether the trial court properly instructed the jury. Clearly, wording equivalent to the intoxication instruction disapproved in *Crittle* does appear on the record. See *People v Crittle, supra,* at 373–374. However, equally clear is instructional wording taken directly from the acceptable COOLEY standard. See *People v Walker,* 38 Mich 156, 158 (1878). The question is whether the jury left the courtroom knowing that to convict they must find the defendant did in fact possess the necessary specific intent to commit larceny, regardless of any possible intoxication. We find that the court did sufficiently inform the jury of their responsibility. Despite the capacity language, we find the charge constantly emphasizes that defendant's guilt would not be established unless specific intent were in fact proven to exist at the time the crime was committed.

.

Further, even were we to find the capacity stan-
dard stressed to the point of error, we would hold
that the error is harmless in this case. *People v
Stephens,* 71 Mich App 33, 37; 246 NW2d 429
(1976), *People v Sizemore,* 69 Mich App 672, 678–
679; 245 NW2d 159 (1976), *People v Parsons,* 59
Mich App 79, 86; 228 NW2d 852 (1975). Unlike
*Crittle,* where defendant claimed that he intended
nothing more than a prank and so argued that he
had a different intent than a larcenous intent,
defendant in this case claims only that he did not
have the capacity to form a specific intent. In
essence, then, defendant offered his defense upon
the very basis embodied in the instruction given.
He was arguing that he *did not* have the necessary
criminal intent because he *could not* have formed
the intent. Thus, had the jury found defendant's
testimony believable, they would have had a clear
duty to acquit him. The prejudice implicit in the
fact situation presented in *Crittle* is absent in this
case. The error, if any, was harmless beyond a
reasonable doubt. *People v Christensen,* 64 Mich
App 23, 32–34; 235 NW2d 50 (1975).

As to defendant's second claim of error, there is
no basis to reverse because we do not believe the
trial court's instruction shifted the burden of over-
coming the presumption as to defendant's acts
onto the defendant. In short, the court did not
instruct the jury so as to *require,* rather than
*permit,* a finding of intent from defendant's acts.
*People v Ross,* 69 Mich App 705, 708–709; 245
NW2d 335 (1976), *People v Jordan,* 51 Mich App
710, 716; 216 NW2d 71 (1974).

As to defendant's third claim concerning the
prosecution's comments on cross-examination and
in closing argument, we do not believe defendant
was deprived of a fair trial where no objection was
made to these comments during cross-examination

or following closing argument. *People v William Clark,* 68 Mich App 48, 52; 241 NW2d 756 (1976). However, even were we to consider defendant's claim on appeal, we find the prosecution's remarks unplanned and the remainder of his cross-examination of defendant permissible. See *People v Jones,* 75 Mich App 261, 274–275; 254 NW2d 863 (1977), *People v McMillan,* 68 Mich App 113, 120; 242 NW2d 518 (1976).

Affirmed.

D. E. HOLBROOK, P. J., concurred.

M. F. CAVANAGH, J. *(dissenting).* For the reasons expressed in *People v Grim,* 65 Mich App 143, 145; 237 NW2d 221 (1975), and Judge ALLEN's dissent in *People v Lutzke,* 68 Mich App 75, 82–83; 241 NW2d 765 (1976), (reversed at 399 Mich 870; 251 NW2d 691 [1977], on the basis of *People v Crittle,* 390 Mich 367; 212 NW2d 196 [1973]), I find the intoxication instruction herein to be erroneous.

I do not believe that the error here can be dismissed as harmless.

Defendant's testimony was that, because of intoxication, he had no memory of the events in question. This is consistent with two factual theories, either of which would constitute a defense: (1) defendant did not have the requisite intent because of incapacity; and (2) though capable, defendant did not have a larcenous intent, but did have some other intent, which he can't remember.

The error of the reasoning in *People v Stephens,* 71 Mich App 33, 35–37; 246 NW2d 429, 430–431 (1976), and *People v Sizemore,* 69 Mich App 672, 677–679; 245 NW2d 159, 162–163 (1976), is that, by equating a claimed lack of memory with a claimed lack of capacity, they overlook the possibility of

defendant's second line of defense. An instruction which emphasizes the capacity standard prejudices a defendant claiming lack of memory by leading a jury to overlook the same possibility.

For these reasons, I would reverse.